**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**

**1:16-cr-00088-WSD-3**

**KAPRICE GREEN,**

           **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Kaprice Green's ("Defendant")

*pro se* Motion for Sentence Reduction Pursuant to a Minor Role Adjustment [139]

("Motion"). Defendant is advised that she must sign and send all future requests

for relief to the Clerk's Office and not directly to the Court. The address for the

Clerk's Office for the Northern District of Georgia is below:

> United States District Court Clerk's Office
> Richard B. Russell Federal Building
> 2211 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309

## I.    BACKGROUND

On November 3, 2016, Defendant was sentenced to forty (40) months

imprisonment with three (3) years of supervised release after pleading guilty to one

count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  ([123]; [125]).  Defendant did not appeal her sentence or conviction.

On April 24, 2017, Defendant filed her *pro se* Motion for Sentence Reduction Pursuant to a Minor Role Adjustment.  Defendant requests that the Court reduce her sentence pursuant Section 3B1.2 of the United States Sentencing Guidelines, which allows the Court to decrease a defendant's offense level if the Court determines the defendant was a minor participant in criminal activity. Defendant states that the United States Court of Appeals for the Ninth Circuit's recent decision regarding Section 3B1.2 provides additional authority for the Court to reduce Defendant's sentence.  See United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016).

## II.    DISCUSSION

The Court has jurisdiction to modify a term of imprisonment, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582.  United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  The Court lacks "inherent power" to re-sentence a defendant.  Id. at 1196–97.

Section 3582 authorizes the modification of a sentence

(1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal

2

Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

Id. at 1195 (internal citation omitted) (citing 18 U.S.C. § 3582(c)).

Defendant does not qualify for a sentence reduction under Section 3582. The Bureau of Prisons has not filed a motion for sentence reduction, the Court is unaware of any statute under which the Defendant qualifies for relief, Rule 35 of the Federal Rules of Criminal Procedure is not applicable in this case, and the Guidelines range to which Defendant was sentenced has not been reduced since the imposition of her sentence. The Ninth Circuit in the Quintero-Leyva decision, to which Defendant cites, concluded that Amendment 794 to the Sentencing Guidelines, which modified the commentary to Section 3B1.2, applied retroactively on direct appeals. Quintero-Leyva, 823 F.3d at 524. Amendment 794 went into effect on November 1, 2015, over a year before Defendant was sentenced in this matter. Defendant's motion for sentence reduction is denied.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Kaprice Green's *pro se* Motion for Sentence Reduction Pursuant to a Minor Role Adjustment [139] is **DENIED**.

**SO ORDERED** this 28th day of April, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE