# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KAPRICE GREEN,<br><br>         **Defendant.** | 1:16-cr-88-WSD-3 |

## OPINION AND ORDER

This matter is before the Court on Defendant Kaprice Green's ("Defendant") Motion for Recommendation of Placement on Home Confinement [141], Motion for Two Point Reduction [142], and Motion for Federal First Time Offenders Sentence Reduction [143].

## I.  INTRODUCTION

On November 3, 2016, Defendant was sentenced to forty (40) months imprisonment with three (3) years of supervised release after pleading guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  ([123]; [125]).  As a condition of supervised release, the Court ordered that Defendant spend the first six (6) months on community confinement, followed by three (3) months on home confinement. ([125] at 3).  Defendant did not appeal her sentence or conviction.

On April 24, 2017, Defendant filed her Motion for Sentence Reduction Pursuant to a Minor Role Adjustment [139] ("Minor Role Adjustment Motion"). Defendant requested that the Court reduce her sentence pursuant Section 3B1.2 of the United States Sentencing Guidelines, which allows the Court to decrease a defendant's offense level if the Court determines the defendant was a minor participant in criminal activity. On April 28, 2017, the Court issued its Order [140] ("April 28th Order") denying Defendant's Minor Role Adjustment Motion.

On August 31, 2017, Defendant's Motion for Recommendation of Placement in Home Confinement was filed on the docket. Defendant requests "6-12 months placement in home confinement or RRC placement to secure employment and stable housing for the child she is currently pregnant with." ([141] at 1).

On August 31, 2017, Defendant's Motion for Two Point Reduction was also filed on the docket. Defendant requests a "two point reduction" that she states was not applied to her Guidelines range when she was sentenced.

On September 1, 2017, Defendant's Motion for Federal First Time Offenders Sentence Reduction [143] was filed on the docket. Defendant requests that she receive the "First Time Offender Point Reduction and/or any other reductions she's eligible to receive. . . ." ([143] at 1).

## II. DISCUSSION

A. <u>Motion for Recommendation of Placement in Home Confinement</u>

The Court, as part of its sentence, required that Defendant spend the first six (6) months of her supervised release on community confinement, followed by three (3) months on home confinement. These requirements are to assist Defendant's transition back into the community after incarceration, including "to secure employment and stable housing" as Defendant requests. Defendant's Probation Officer will assist Defendant in readjusting back into society and finding the stability she needs. The Court is not required to recommend that Defendant be placed on home confinement because the Court has already ordered that Defendant be placed on home confinement after service of her term of incarceration. Defendant's Motion for Recommendation of Placement on Home Confinement is denied as moot.

To the extent Defendant seeks the Court's recommendation to serve her term of incarceration on home confinement, Defendant's request is denied. The Second Chance Act of 2007, to which Defendant cites, authorizes the Bureau of Prisons ("BOP") to consider placing a defendant on home confinement or community confinement during the final months of his or her sentence of imprisonment. 18 U.S.C. § 3624(c); <u>see also</u> 28 C.F.R. § 570.21. The BOP, not the Court, makes

the decision regarding placement on home confinement and community confinement before expiration of a custodial sentence. Defendant's expected release date is September 20, 2019, which is two years away. See https://www.bop.gov/inmateloc/. The BOP is currently unable to place Defendant on home confinement or community confinement because she is not in the final months of her custodial sentence. See 18 U.S.C. § 3624(c); 28 C.F.R. § 570.21. Defendant's Motion for Recommendation of Placement on Home Confinement, to the extent she seeks placement on home confinement or community confinement prior to the expiration of her term of incarceration, is denied.

    B.    <u>Motion for Two Point Reduction and Motion for Federal First Time Offenders Sentence Reduction</u>

Defendant's Motion for Two Point Reduction is four sentences long, does not identify the "two point reduction" to which Defendant is entitled, and provides no basis or legal authority for the request. Likewise, Defendant's Motion for Federal First Time Offenders Sentence Reduction is one-page long and provides no basis or legal authority for the request. As the Court explained in its April 28th Order denying Defendant's Minor Role Adjustment Motion, a term of imprisonment may be modified after it has been imposed only in very limited circumstances that do not apply here. See 18 U.S.C. § 3582; <u>United States v. Phillips</u>, 597 F.3d 1190, 1194–95 (11th Cir. 2010). The Court lacks "inherent

authority" to modify a sentence once imposed. Id. at 1196-97. Defendant provides no basis for a sentence reduction and the Court denies Defendant's Motion for Two Point Reduction and Motion for Federal First Time Offenders Sentence Reduction.

III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Kaprice Green's Motion for Recommendation of Placement on Home Confinement [141], Motion for Two Point Reduction [142], and Motion for Federal First Time Offenders Sentence Reduction [143] are **DENIED**.

**SO ORDERED** this 8th day of September, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE